**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IVAN CABRERA,

        Plaintiff,

v.                                                 Case No: 6:10-cv-953-Orl-36DAB

AMERICAN DIVERSIFIED SERVICES
CORPORATION, HAZEM SABRY and
AIRPORT SERVICES, INC.,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon the Report and Recommendation submitted by United States Magistrate Judge David A. Baker on August 27, 2012 (Doc. 115). In the Report and Recommendation, Judge Baker recommends that the Court strike Defendants' American Diversified Services Corporation ("ADS") and Hazem Sabry ("Sabry") (collectively, "Defendants") Answer (Doc. 11), and enter default against Defendants for failure to participate in discovery in violation of the Court's Order. Doc. 115, p. 3. Also, Judge Baker recommends that the Court grant Plaintiff Ivan Cabrera's ("Plaintiff") Motion for Sanctions, filed on August 1, 2012 (Doc. 114). *Id.* On September 11, 2012, Defendants filed an Amended Objection to Judge Baker's Report and Recommendation (Doc. 122), to which Plaintiff responded (Doc. 125). As such, this matter is ripe for review.

## BACKGROUND

Plaintiff brought this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid wages and other relief. Doc. 1.

Plaintiff sought to schedule Defendant ADS' Rule 30(b)(6) deposition of the corporate representative on March 22, 2012. Doc. 115, p. 1; *see* Fed. R. Civ. P. 30(b)(6). On March 19, 2012, Defendants' counsel notified Plaintiff's counsel that the intended corporate representative passed away in January, and that he was trying to determine who would represent ADS. *Id.*; Doc. 114-Ex. 2. On April 3, 2012, Defendants' counsel stated that if the parties were unable to settle the case at the June 1, 2012 mediation, a corporate representative would be made available the following week for a deposition. *Id.* Based upon these representations, the parties filed a Joint Motion for Extension of Mediation Deadline on April 10, 2012, indicating that they agreed to hold the mediation on June 1, 2012. Doc. 102. The Court granted the parties' Joint Motion for Extension of Mediation Deadline (Doc. 103), and the Plaintiff filed a Second Notice of Scheduling Mediation for June 1, 2012. Doc. 104.

On May 30, 2012, Defendants' counsel notified Plaintiff's counsel that the corporate representative would not be attending the June 1 mediation. Doc. 114, p. 2. On July 9, 2012, Plaintiff filed a Motion to Compel the 30(b)(6) deposition and mediation. Doc. 109. The Court entered an Order, directing Defendants to: (1) pay Motion costs of $1,000 to the Plaintiff; (2) respond in writing and produce any additional responsive documents to Plaintiff's First Request for Production of Documents by July 19, 2012; and (3) produce a corporate representative and a witness familiar with ADS' record keeping to be deposed by July 26, 2012. Doc. 112. ("July 12 Order"). The July 12 Order specifically warned Defendants that failure to comply could result in sanctions, including striking Defendants' Answer and having a default entered against them. *Id.,* p. 2.

On August 1, 2012, Plaintiff filed a Motion for Sanctions, stating that Defendants, in contravention of the Court's July 12 Order, had not produced a 30(b)(6) witness familiar with

ADS' record keeping system nor had they provided dates for such a deposition. Doc. 114. Defendants have not responded to Plaintiff's Motion for Sanctions.

## STANDARD

When a party makes a timely and specific objection to a finding of fact in a report and recommendation, the district court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 674 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations." Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

## ANALYSIS

In the Report and Recommendation, Magistrate Judge Baker explains that Defendants were previously warned that failure to follow the Court's orders regarding discovery would result in striking the Answer and having a default entered against them. Doc. 115, p. 3; *see* July 12 Order. Indeed, Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties for failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2). The Court, in its discretion, may impose the following sanctions: (1) order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the

sanctions order; (2) refuse to permit the violating party to raise certain defenses, or prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or render a judgment of default against the violating party; and (4) treat the violation as contempt of court and (5) assess reasonable attorney's fees and expenses. *Id*. In the Eleventh Circuit, the "imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court, and will not be overturned absent abuse of the discretion." *Vilsant v. Saxon Mortgage Services, Inc.*, 2009 WL 413724, *2 (S.D. Fla. 2009); *Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. Appx. 909, 915 (11th Cir. 2010) (dismissal of plaintiff's complaint as a sanction for repeated discovery violations is appropriate where Magistrate Judge warned plaintiff that his complaint could be dismissed if he continued to violate rules); *Properties Int'l Ltd. v. Turner*, 706 F.2d 308, 310 (11th Cir. 1983) (affirming district court's dismissal with prejudice of foreclosure suit, and striking answer). Although Rule 37(b) gives broad discretion to the district court, the sanction of entering default against a party requires the willful or bad faith failure to obey a discovery order. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

In their Objection[1], Defendants explain that when the designated ADS corporate representative passed away in January 2012, Defendant Sabry determined that he would have to

---

[1] Plaintiff maintains that the Court should not hear Defendants' Objection because Defendants did not reply to the underlying Motion for Sanctions. Doc. 125, pp. 2-4. In support of this argument, Plaintiff cites cases from other circuits refusing to consider arguments that were not, but could have been, raised before the Magistrate Judge. *Id.* (citing *Salgado-Candelario v. Ericsson Caribbean, Inc.*, 614 F. Supp. 2d 151, 164 (D. P. R. 2008) ("[A] party objecting to magistrate judge's report and recommendation is 'not entitled to de novo review of argument never raised' before magistrate judge."); *Borden v. Sec. of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987). Although the Court is troubled that Defendants failed to raise the issue of Sabry's medical problems at an earlier stage, it will address Defendants' Objection.

testify as the corporate representative. Doc. 122, p. 2. However, Sabry's life threatening medical issues "cause(d) him to be very guarded about participating in a deposition or court-ordered mediation." *Id.* Defendants argue that given Sabry's extensive health issues, the stress associated with participating in a deposition could result in a cardiac incident leading to hospitalization or death. *Id.*, p. 3; *see* Affidavit of Abbas Ali, M.D. ("Dr. Ali"), Doc. 119-Ex. 1, ¶ 8 ("Under the circumstances described, it highly advisable, from a medical perspective, that Mr. Sabry avoid participation in litigation, litigation events and/or events which could have the impact of causing emotional stress."). Defendants also note that while Dr. Ali determined he is competent, Sabry has memory issues and is on a medication aimed at controlling dementia. *Id.*, ¶ 9. Defendants argue that given Sabry's medical issues and that they were seeking new counsel at this time,[2] the sanction of striking their Answer and entry of default judgment against them is too severe.[3] Doc. 122, pp. 4-5 (citing *Malautea*, 987 F.2d at 1542; *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988)).

With respect to Sabry's health issues, the Court notes that Defendants raise these problems for the first time when objecting to the Report and Recommendation. Doc. 125, p. 6

---

[2] Although Defendants explain that they were "seeking alternative counsel while Plaintiff's Motion for Sanctions was pending", they have not indicated any claim of ineffective assistance of their prior counsel. Doc. 122, ¶ 7. Absent any such allegation, the fact that Defendants were seeking alternative counsel is not relevant to their willful failure to comply with the July 12 Order.

[3] Defendants explain that they never filed a response to Plaintiff's Motion for Sanctions, and were seeking new counsel while it was pending. Doc. 122, p. 3. Indeed, Defendants' attorney Richard Blystone filed a Notice of Appearance on September 7, 2012 and is the attorney of record for Defendants' Objections to the Report and Recommendation. *See* Docs. 118, 122. However, the Court notes that Defendants' failure to respond to Plaintiff's Motion for Sanctions is unrelated to the fact that Defendants failed to comply with the Court's July 12 Order. Doc. 122, p. 2. Additionally, Defendants' argument that they complied with two of the three requirements of the Court's July 12 Order does not negate their failure to comply with the 30(b)(6) deposition requirement and the subsequent discretion provided by the Federal Rules of Civil Procedure for imposing sanctions. *See* Fed. R. Civ. P. 37(b)(2).

n.3. First, Defendants have not provided any support for their explanation that Sabry determined he was the only person qualified to be deposed as a corporate representative. Doc. 122, ¶ 5. Moreover, as Plaintiff notes, Dr. Ali's affidavit suggests that all litigation-related activities are potential stress triggers for Sabry's cardiac issues and he should avoid participation in litigation events. Doc. 119-Ex. 1, ¶¶ 8-9; Doc. 125, p. 6, n.4. Accordingly, even if the Court were to accept the unsupported argument that Sabry is the only conceivable 30(b)(6) witness, because Sabry's health could be jeopardized by participation in litigation, Defendants could indefinitely fail to comply with Plaintiff's discovery demands. Such a result is untenable.[4] Indeed, Plaintiff is entitled to pursue his rights under the FLSA.

In response to Defendants' argument that the Magistrate's recommended sanctions are too severe, Plaintiff maintains that default judgment is the appropriate sanction here, where Defendants' violation of the July 12 Order was willful, and not merely negligent or caused by a misunderstanding or inability to comply. Doc. 125, p. 5; *Malautea*, 987 F.2d at 1543. As Defendants argue, in the Eleventh Circuit, the entry of default is not an appropriate sanction when violation of a discovery order is caused by a party's inability to comply. Doc. 122, p. 4; *Malautea*, 987 F.2d at 1543. However, Defendants do not provide information showing that they could not comply with the Court's July 12 Order. To the contrary, Defendants' repeated communications with Plaintiff between March 2012 and June 2012 indicate that they could have complied and produced Sabry or another individual as the corporate representative, but instead repeatedly delayed the deposition and then abruptly cancelled it. Doc. 114-Exs. 2, 3. Had Sabry's medical condition prevented him from safely testifying in this action, then Defendants' determination that he was the only appropriate corporate representative was wrong and could

---

[4] Similarly, Defendants' note that Sabry may be suffering from dementia does not excuse his non-participation in the ongoing action. Doc. 119-Ex. 1, ¶ 9.

have been made for the purposes of delay.[5]  Moreover, if Defendants realized that Sabry's medical condition would be exacerbated by testifying such that it could endanger his life, they provide no explanation for why they did not select another individual or inform Plaintiff of this issue between January, when the previously indicated corporate representative passed away, and May 30, 2012, when they told Plaintiff, one day before the scheduled mediation, that Sabry would not be testifying.

In *Malautea*, the Eleventh Circuit affirmed the district court's entry of default against defendants who failed to comply with plaintiff's discovery requests.  987 F.2d at 1543. Although defendants claimed in appealing the entry of default judgment that they misunderstood the scope of the discovery requested and that their violation was not willful, the Eleventh Circuit found that defendants' willfulness was not called into question by a summary conclusion that they could not produce the information in the time allowed.  *Id.*  Indeed, the *Malautea* court explained that had they truly been confused about the scope of discovery, they would have sought clarification from the judge.  Similarly, here, on April 3, three months after Defendants claim the original corporate representative passed away, they represented to Plaintiff that if the case did not settle at the June 1, 2012 mediation, Sabry would be made available the following week for their Rule 30(b)(6) deposition.  Doc. 114-Ex. 3; Doc. 109, ¶ 4.  On May 30, 2012, Defendants' counsel notified Plaintiff's counsel that Sabry would be unavailable to attend the scheduled mediation or deposition.  *Id*.  Nevertheless, Defendants did not raise Sabry's medical issues in response to Plaintiff's Motion to Compel the 30(b)(6) deposition and mediation. Finally, in its July 12 Order, the Court specifically warned Defendants that their failure to

---

[5] As the Court noted, it would be unfair to Plaintiff to permit Defendants to name a corporate representative as the only possible 30(b)(6) deponent if his participation in discovery can trigger serious medical consequences and be delayed at any time.

comply and produce a 30(b)(6) corporate representative would result in striking their Answer and entering default judgment against them. July 12 Order, p. 2. Accordingly, because Defendants represented that they would produce Sabry for several months and failed to raise his medical condition or change the designated corporate representative despite several opportunities to do so, Defendants' argument that they were unable to comply with the Courts' Order is unpersuasive. When a party willfully fails to comply with a Court's discovery order, striking their pleading or entering default are appropriate sanctions. *Malautea*, 987 F.2d at 1543; *Kelly*, 376 Fed. Appx. at 912. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 115) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Ivan Cabrera's Motion for Sanctions (Doc. 114) is **GRANTED**.

3. Defendants American Diversified Services Corporation and Hazem Sabry's Amended Answer and Affirmative Defenses (Doc. 11) is **STRICKEN.** The Clerk is directed to enter **DEFAULT** against Defendants American Diversified Services Corporation and Hazem Sabry for failure to participate in discovery in violation of the Court's July 12 Order.

**DONE** and **ORDERED** in Orlando, Florida on October 15, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge David A. Baker